IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUIS DAZA,

    Plaintiff,

  v.

Chicago police officers GERARDO GOMEZ and MARIO CORRAL, Chicago police sergeant JOHN DOE, AND CITY OF CHICAGO,

    Defendants.

Case No. 25-cv-12413

*Jury demanded.*

## COMPLAINT AT LAW

NOW COMES Plaintiff LUIS DAZA, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants, GERARDO GOMEZ, MARIO CORRAL, JOHN DOE, and CITY OF CHICAGO, and states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth Amendment to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff LUIS DAZA ("Luis") was a resident of the County of Cook, State of Illinois.

5. Defendants GERARDO GOMEZ, MARIO CORRAL, and JOHN DOE are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant CITY OF CHICAGO is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants GOMEZ, CORRAL, and DOE.

## FACTUAL ALLEGATIONS

7. This matter arises from an unlawful traffic stop by Chicago police of a motorist named Luis Daza.

8. The stop led to an unlawful detention in which Luis was forced out of his vehicle while it was searched for weapons, and he was detained for more 40 minutes while officers insisted

2

that they had reasonable articulable suspicion to search Luis and his vehicle based on his arrests from almost twenty years ago, and claimed they were " looking at a shooter".

9. This unlawful stop was based on Luis's alleged obstruction of a crosswalk, which should have resulted in nothing more than a parking ticket.

10. Yet Luis was subjected to a prolonged and degrading encounter with the police, who intentionally escalated a minor parking infraction to an unlawful detention and illegally searched him and his vehicle, while accusing him of being a "shooter" because he was arrested (not convicted) for aggravated unlawful use of a weapon 20 years ago.

11. On June 26, 2025, at approximately 9:00 p.m., Luis was in his vehicle on a residential street at or near 3201 S. Harding Avenue in Chicago, Illinois.

12. Luis was working as a private investigator and was parked in his vehicle while writing a report on his nearby investigation.

13. According to the Chicago Police Department Investigatory Stop Report ("ISR"), officers patrolling the vicinity of 3201 S. Harding Avenue observed Luis "parked in the crosswalk." *See*, Investigatory Stop Report, Officer Gomez, attached as Exhibit 2.

14. In fact, only the front bumper of Luis' car was over the crosswalk line. The crosswalk was not obstructed.

15. Defendant officers positioned their two squad cars to box Luis in, and proceeded to conduct a traffic stop.

16. Defendant Gomez and Defendant Corral explained to Luis that they stopped him for "obstructing the crosswalk" and proceeded to ask him about his firearm possession and licensing.

17. Gomez asked Luis if he had a Firearm Owners Identification ("FOID") card, and Luis said he did not.

18. Defendant Gomez requested Luis's driver's license and Luis provided it to him. Defendant Gomez went back into his vehicle to run Luis's information.

19. After he ran Luis's information, Defendant Gomez accused Luis of lying about having a FOID card because there was an expired FOID card associated with his name.

20. Defendant Gomez briefly walked to the driver's side window, then turned back toward Corral and twice instructed, "Bájalo", which is Spanish for "Get him out."

21. Defendant Gomez told the other officer, "He has a UUW for conceal and carry before," and added, "A UUW…charge before," indicating that Luis had previously been charged with unlawful use of a weapon.

22. Defendant Gomez stated loudly to Luis, "We have RAS, bro, we have what's called RAS, alright; you lied to us."

23. Defendant Gomez contacted dispatch and reported that he had initiated a traffic stop and requested a sergeant.

24. Another unmarked police vehicle arrived, and two more officers surrounded Luis's vehicle.

25. From the time that Defendant Gomez contacted dispatch for his supervisor, and until his Defendant Doe arrived, a total of ten minutes passed, and Luis remained seated and non-confrontational, contrary to the statement in the ISR that "throughout the entire encounter, the subject became agitated, sweating, and continuously avoided eye contact with R/O's."

4

26. Once Defendant Doe arrived, Luis's car was blocked in by three unmarked police vehicles.

27. Defendant Doe approached Luis's vehicle and asked him why he did not want to exit the vehicle and Luis replied, "You don't have probable cause."

28. Defendant Doe explained that he does not have probable cause, but he has reasonable articulable suspicion and told Luis, "Your past is a safety issue for us."

29. Defendant Doe then twice assured Luis that the officers would not search his vehicle. Luis exited his vehicle, and officers began to search him and his car.

30. Defendant Doe observed and allowed the officers to unlawfully search and detain Luis and search his car and failed to intervene to prevent the continued violation of Luis' rights.

31. Luis became upset as a result of the unlawful search and detention.

32. One officer asked Luis, "You're a UUW offender, aren't you?" Luis replied, "Yes, it was thrown out, G." And the officer responded, "We're looking at a shooter right here."

33. Luis asked Defendant Doe if he had his camera on. Defendant Doe said yes but was seen seconds later turning his camera on.

34. No weapons or other contraband were found on Luis's person or his vehicle.

35. Luis was finally released with no criminal charges after being detained for approximately 40 minutes.

36. As a result of the foregoing, Luis Daza was deprived of rights secured by the Fourth Amendment to the United States Constitution, as well as Illinois law.

## PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff LUIS DAZA prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiff LUIS DAZA, requests a trial by jury.

**DATED:** October 10, 2025.

    Respectfully submitted,
    LUIS DAZA

    /s/ Jordan Marsh
    *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com